WETHERELL, J.,
specially concurring.
Appellant raised six issues in this Engle[1] progeny appeal, four of which are merit-less. The other two issues — which challenge the excessiveness of the compensatory and punitive damage awards — have merit in my view, but are foreclosed by this court’s decision in R.J. Reynolds Tobacco Company v. Townsend.[2] Accordingly, despite my continued disagreement with Townsend, I am duty-bound to concur in the decision affirming the judgment in this case.
With respect to the compensatory damages, I agree with Appellant that the evi-dentiary basis for an eight-figure noneco-nomic damage award in this case was quite thin. However, I am persuaded based on my review of the record that the plaintiff in this case suffered as much as, if not more than, the plaintiff in Townsend. Accordingly, I agree with Appellee that there is no principled way to square a reversal of the compensatory damage award in this case with the affirmance of the similar award in Townsend.
Simply put, if the $10.8 million noneco-nomic damage award to Mrs. Townsend, who established little more than that she was saddened by her husband’s untimely death from smoking-caused cancer,[3] was not excessive, then it logically follows that the $10 million noneconomic damage award to the plaintiff in this case — a smoker who had a lung removed due to smoking-caused cancer and then lived the final 20 years of his life with only one lung and recurring health concerns — is likewise not excessive. The problem, of course, is that the noneconomic damage award in Townsend was excessive — indeed, morbid *19 ly excessive. But, that award was affirmed by this court in a decision that the Florida Supreme Court declined to review.[4] Accordingly, Townsend cannot be ignored simply because it was, in my view, wrongly decided.
Moreover, unlike the other Engle progeny cases in which outrageously large compensatory damage awards were reversed on appeal,[5] there is no evidence apart from the sheer size of the verdict of a jury run amok in this case. Accordingly, even though the compensatory damage award in this case, like the award in Townsend, is conscience-shocking (at least to me) and grossly overcompensates the plaintiff for the consequences of his poor choice to smoke cigarettes for much of his life,[6] I am compelled by this court’s precedent to join the decision affirming the compensatory damage award in this case.
Likewise, with respect to the punitive damages, although I adhere to the view expressed in my opinion in Townsend that no more than a 1-to-l ratio between compensatory and punitive damages is constitutionally appropriate where the compensatory damages include a substantial — or, as here, an über-substantial — noneconomic damage award,[7] I recognize that the majority in Townsend rejected that view.[8] Accordingly, even though I find the $20 million punitive damage award in this case to be constitutionally excessive in light of and in relation to the compensatory damages, I am compelled by this court’s precedent to join the decision affirming the award.
Having said that, this case proves the point I made in Townsend that “by affirming the $10.8 million award in [that] case, the majority has made it nearly impossible for a court to declare a non-economic damage award up to that amount excessive in any future Engle progeny case.”[9] Although the Florida Supreme Court denied re-view in Townsend, I remain hopeful that that court will at some point squarely address whether there is any limit on the noneconomic damages that can be awarded in Engle progeny cases short of the $10.8 million award approved in Townsend,[10] But, unless and until the supreme court steps in or trial courts begin reviewing mega-noneconomic damage awards in *20 cases such as this with a greater degree of skepticism,[11] it appears that the Town-sewd-fueled Engle verdict lottery and its jackpot-sized damage awards will continue in the trial courts within this court’s jurisdiction (and around the state[12]) simply because noneconomic damages are difficult to measure and the tobacco companies are perceived to have sufficiently-deep pockets to pay these awards.
With these observations and reservations, I dutifully concur in the disposition of this case.
MAKAR, J., Concurring with Opinion.

. Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006).

. 90 So.3d 307 (Fla. 1st DCA 2012).

. See id. at 318-19 (Wetherell, J., concurring in part and dissenting in part).

. R.J. Reynolds Tobacco Co. v. Townsend, 110 So.3d 441 (Fla.2013) (table).

. See Philip Morris USA, Inc. v. Naugle, 103 So.3d 944 (Fla. 4th DCA 2012) (reversing $36.76 million judgment in favor of smoker and remanding for new trial on damages because the compensatory and punitive damage awards, which totaled nearly $300 million, were "infected with passion and prejudice” that could not be cured by the remittitur granted by the trial court); R.J. Reynolds Tobacco Co. v. Webb, 93 So.3d 331 (Fla. 1st DCA 2012) (reversing $79.2 million judgment in favor of estate of deceased smoker where evidence at trial focused on the unrelated health problems of the smoker’s daughter and grandchild), rev. denied, 107 So.3d 406 (Fla.2012); and cf. Philip Morris USA, Inc. v. Putney, 117 So.3d 798 (Fla. 4th DCA 2013) (reversing denial of motion for remittitur of a $15 million loss of consortium award to three adult children of deceased smoker because none of the children lived with or relied on the smoker for support).

. The plaintiff smoked for 48 years, starting at age 13 and quitting "cold turkey” in 1992 after being diagnosed with lung cancer. He died in September 2012, several months after entry of the final judgment and a few weeks shy of his 81st birthday.

. 90 So.3d at 316 n. 11 (Wetherell, J., concurring in part and dissenting in part).

. Id. at 315-16.

. Id. at 318 n. 15 (Wetherell, J., concurring in part and dissenting in part).

. See id. at 312 (stating that "the $10.8 million awarded by the jury is certainly at the outer limit of reasonableness”).

. See § 768.74(3) and (6), Fla. Stat. (recognizing that the damages awarded by the jury should be disturbed or modified "with caution and discretion," but expressing the legislative intent that damage awards be given "close scrutiny” for excessiveness or inadequacy).

. See Lorillard Tobacco Co. v. Alexander, 123 So.3d 67, 78-79 (Fla. 3d DCA 2013) (affirming a $10 million noneconomic damage award based on the approval of a similar award in Townsend I); Philip Morris USA Inc. v. Cohen, 102 So.3d 11, 19 (Fla. 4th DCA 2012) (same).